1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRY EZELL,

                        Plaintiff,

        v.

SHAWN MCCANN,

                        Defendant.

CASE NO. 2:23-cv-00729-RSM

ORDER AFFIRMING DENIAL OF
RECUSAL (DKT. NO. 9)

        This matter comes before the Court on Judge Ricardo S. Martinez's order (Dkt. No. 9)
denying Plaintiff's motion for recusal pursuant to 28 U.S.C. § 455(a) (Dkt. No. 8).

        On June 21, 2023, Plaintiff moved for Judge Martinez's recusal, arguing that Judge
Martinez's prior sentencing of Plaintiff would lead a reasonable person to question his
impartiality because the instant case "arises from" the prior criminal proceeding involving the
Plaintiff "that judge [sic] Martinez made findings in" and because there is an ongoing appeal
regarding the findings made by Judge Martinez.  (Dkt. No. 8 at 2–3.)  Additionally, Plaintiff
points to a long sentence he received as indicative of Judge Martinez's bias.  (*Id.* at 3.)  Judge

1   Martinez declined to recuse, finding that Plaintiff was solely relying on Judge Martinez's prior

2   rulings as evidence of bias and that Plaintiff "present[ed] no reasonable basis to question

3   impartiality."  (Dkt. No. 9 at 2.)

4        Local Civil Rule 3(f) provides that whenever a judge in this District declines to

5   voluntarily recuse themselves from a case after a party makes a recusal motion pursuant to 28

6   U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief

7   judge."  28 U.S.C. § 455(a) in turn requires federal judges to "disqualify [] [themselves] in any

8   proceeding in which [] [their] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).

9   A judge must recuse if "a reasonable person with knowledge of all the facts would conclude that

10  the judge's impartiality might reasonably be questioned."  *United States v. McTiernan*, 695 F.3d

11  882, 891 (9th Cir. 2012) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th

12  Cir.1997)).  "The alleged prejudice must result from an extrajudicial source; a judge's prior

13  adverse ruling is not sufficient cause for recusal."  *United States v. Studley*, 783 F.2d 934, 939

14  (9th Cir. 1986).

15       The Court agrees with Judge Martinez that the basis for Plaintiff's recusal motion appears

16  to solely rest on Judge Martinez's prior rulings.  Though Plaintiff points out that he received a

17  longer sentence than another individual who also was also arrested for drug trafficking, Plaintiff

18  does not indicate that Judge Martinez relied on any improper extrajudicial knowledge when

19  issuing his sentence.  Past adverse rulings in another judicial proceeding, including the

20  imposition of long sentences, do not merit Judge Martinez's recusal.  *See United States v.*

21  *Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (noting that the "fact that a judge has previously

22  expressed . . . a dedication to upholding the law or a determination to impose severe punishment

23

24

1  within the limits of the law upon those found guilty of a particular offense" does not merit

2  recusal).

3        Accordingly, the Court AFFIRMS Judge Martinez's refusal to recuse himself in this

4  matter.

5        Dated this 11th day of July, 2023.

6

7

8                        David G. Estudillo
                         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 9) - 3