UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY EZELL,

    Plaintiff,

v.

SHAWNA McCANN,

    Defendant.

Case No. C23-729RSM

ORDER OF DISMISSAL

This matter comes before the Court *sua sponte*. Plaintiff Terry Ezell, proceeding *pro se*, filed his Complaint on May 15, 2023, against Defendant Shawna McCann. Dkt. #1. On September 1, 2023, the Court issued a Minute Order striking Plaintiff's Motions for Summary Judgment and advising Plaintiff of the deadline to serve Defendants. Dkt. #14. The Court stated as follows:

> The following MINUTE ORDER is made by direction of the Court, the Honorable Ricardo S. Martinez, United States District Judge: This case was originally opened on May 15, 2023. Dkt. #1. A notice of filing deficiency was mailed to Plaintiff Terry Ezell on May 17, 2023, informing him that the filing fee was not paid, the civil cover sheet was omitted, and that the proposed complaint lacked signatures from several Plaintiffs. Dkt. #4. Mr. Ezell later paid the filing fee and filed a civil cover sheet. The Court never received signatures from the other Plaintiffs, and they have been terminated as plaintiffs of record in this case.
>
> On June 2, 2023, the Court mailed a blank summons to Mr. Ezell, to be served by him on Defendant Shawna McCann, along with a letter and instructions. Dkt. #5. The letter states "[y]ou are responsible for serving the Summons and a copy of the Complaint on the defendant in your case." Dkt. #5-1. The instructions state, in part:

ORDER OF DISMISSAL - 1

After you file your lawsuit, you must serve your papers on the other side, which means making sure they receive copies. Until the other side receives the papers in a way that the law says is valid, they are not a party to the lawsuit, and the case has not really begun. You must give the other parties to your lawsuit a copy of every paper that you file with the Court. This is called "serving" the other parties. Serving your papers is critical. If you do not serve your papers on the other parties in exactly the way required by law, it is as if you never filed those papers at all…. The rules for serving the original complaint are different from the rules for serving other papers, and must be followed exactly. If the complaint is not properly served on the other parties, the case will not proceed. Rule 4 of the Federal Rules of Civil Procedure lays out the requirements for serving the original complaint…. If you do not serve your complaint and summons within 120 days of the day you filed the complaint, the Court may dismiss your case.

Dkt. #5-2 at 1.  The Court advises Mr. Ezell to carefully re-read all the instructions as well as Rule 4 before serving Defendant McCann.

 The Court has received no indication that Defendant McCann was properly served.  She has not appeared in this action.

On August 21, 2023, Mr. Ezell filed a Motion for Summary Judgment.  Dkt. #11.  On August 31, 2023, Mr. Ezell filed an Amended Motion for Summary Judgment without withdrawing his prior Motion.  Dkt. #13.  Both Motions are unsigned and fail to indicate they were served on Defendant McCann, who has not appeared in this case and is not receiving copies of materials added to the docket.  Federal Rule of Civil Procedure 11(a) requires Motions to be signed by the Plaintiff or his attorney.  Federal Rule of Civil Procedure 5 requires Motions to be served on the opposing party.  The Court has no indication that Mr. Ezell has served these Motions on Defendant McCann, or that she is aware that this case exists.

Given all of the above, the Court STRIKES both Motions for Summary Judgment, Dkts. #11 and #13, as procedurally improper and premature.  Such motions are properly filed after a defendant has appeared and responded to the complaint.  Plaintiff has until September 12, 2023, to serve Defendant McCann with a copy of the complaint and summons as instructed above.  If Plaintiff does not file timely proof of service with the Court this case will be dismissed.

ORDER OF DISMISSAL - 2

*Id.* On September 13, 2023, the Court issued an Order to Show Cause stating, "[t]he Court believes Defendant McCann has not been properly served under Rule 4," and, "[f]ailure to timely serve is a valid basis for dismissal of this case without prejudice." Dkt. #17. The Court gave Mr. Ezell 14 days to respond. It has been three weeks and no response has been filed. Mail addressed to Mr. Ezell at his latest return address has been returned as undeliverable. Dkts. #16 and #18. The Court has not received proof of service and Ms. McCann has not appeared.

Federal Rule of Civil Procedure 4(m) states in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Court finds that Defendant McCann has not been properly served under Rule 4. Failure to timely serve is a valid basis for dismissal of this case without prejudice.

Accordingly, the Court hereby finds and ORDERS that Plaintiff's claims are DISMISSED without prejudice for failure to serve. The Court DIRECTS the clerk to send copies of this Order to Plaintiff at his current address of record AND to the address originally used in filing this case, 310 25th Avenue, Seattle WA 98122.

DATED this 3rd day of October, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 3