UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRY EZELL,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAWNA MCCANN,<br><br>    Defendant. | Case No. C23-729RSM<br><br>ORDER DENYING MOTION REQUESTING PERMISSION TO AMEND SERVICE |

    This case is closed. It was closed for failure to timely serve Defendants and for failure to respond to the Court's Order to Show Cause, as well as for other procedural failures. Twice Mr. Ezell has sought to correct service after dismissal and twice the Court has denied those Motions. Mr. Ezell has now filed a third post-dismissal Motion "Requesting Permission to Amend Service Process Deficiencies in Original Complaint Pursuant to Rule 4(m)." Dkt. #24. Unlike his prior Motions, this one is the first to address the Court's Order of Dismissal and appears to point out facts that could explain his failure to serve. Mr. Ezell does not cite any legal basis for permitting service in a closed case. Given the procedural history and the analysis already provided by the Court's Orders at Dkts. #19, #21, and #23, he has failed to demonstrate good cause and such a request would be denied. However, in an abundance of caution, the Court could also interpret the filing as a motion for reconsideration and will do so.

ORDER DENYING MOTION REQUESTING PERMISSION TO AMEND SERVICE - 1

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

Mr. Ezell asserts that he did not intentionally ignore the Court's rules or orders because a) he believed the U.S. Marshals would serve Defendant after he sent them a form and b) he is incarcerated and "receiving a little assistance from a friend who inedvertantly [sic] forgot to add his name on her mail box after she requested that the court forward all of plaintiffs' legal correspondence to her address." Dkt. #24 at 2. Mr. Ezell states that he has attempted to reach the court clerk requesting a copy of the docket.

Mr. Ezell has not argued manifest error. The original bases for dismissal are valid. The new facts about his mailing address could and should have been brought to the Court's attention earlier. Mr. Ezell has not demonstrated diligence. These facts do not change the obligation Mr. Ezell had to inform the Court of his current mailing address. LCR 41(b)(2). The Court was left in the dark as to why Mr. Ezell was mailing materials from three different addresses and failing to respond to the Court's Orders. This was a valid basis for dismissal. Further, Mr. Ezell has not demonstrated good cause for the failure to serve.

Accordingly, the Court hereby finds and ORDERS that Plaintiff's Motion "Requesting Permission to Amend Service Process Deficiencies in Original Complaint Pursuant to Rule 4(m)," Dkt. #24, is DENIED. This case remains CLOSED. The Court will not revisit the issue of service a fifth time. Absent a citation to some source of law permitting relief, any further motion on the topic will be stricken. The Court DIRECTS the clerk to send copies of this Order to Plaintiff at his current address of record AND to the address listed in his latest filing:

ORDER DENYING MOTION REQUESTING PERMISSION TO AMEND SERVICE - 2

Terry L. Ezell #35187-086
Federal Correctional Institution
P.O. Box 5000
Sheridan, OR 97378

DATED this 17th day of October, 2023.

                                               RICARDO S. MARTINEZ
                                               UNITED STATES DISTRICT JUDGE